IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH, et al.,<br><br>    Plaintiffs,<br><br><br><br>vs.<br><br>GALE NORTON, et al.,<br><br>    Defendants, and<br><br><br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>    Defendant-Intervenors. | MEMORANDUM DECISION AND ORDER GRANTING MOTION OF SOUTHERN UTAH WILDERNESS ALLIANCE ET AL. TO INTERVENE AS DEFENDANTS<br><br><br><br><br><br>Case No. 2:05-CV-941 TS |

This matter is before the Court upon the Motion of the Southern Utah Wilderness Alliance *et al.*[1] to Intervene as Defendants,[2] filed November 23, 2005. Plaintiffs filed their

---

[1] The proposed intervening parties are the Southern Utah Wilderness Alliance, the National Trust for Historic Preservation, The Wilderness Society, and the Sierra Club. The Court will refer to these parties collectively as "the SUWA Defendants" herein.

[2] Docket No. 2.

1

response on December 7, 2005, and the SUWA Defendants filed their reply on December 20, 2005.  The Court will grant the motion, with conditions, as set forth below.

The SUWA Defendants seek to intervene in this matter under the Federal Rules of Civil Procedure both as a matter of right under Rule 24(a), as well as, in the alternative, permissive intervention under Rule 24(b).  In their response, Plaintiffs do not object to the intervention of the SUWA Defendants, *per se*, but do request that the Court stay consideration of the Motion to Intervene until the "pleadings are fixed and the federal defendants have been joined as parties."[3]  Plantiff's opposition is three-fold: 1) intervention is premature, 2) Plaintiffs' ability to withdraw their Complaint without leave of Court would be impaired, and 3) Plaintiffs' ability to amend the Complaint once without leave of Court would be impaired.

The Tenth Circuit recently clarified the four factors relevant to intervention as of right.[4]  Here, the parties do not dispute the underlying merits of the proposed intervention, but only raise the issue of timeliness, arguing that intervention is premature.  However, the Court finds that intervention is not premature, and is appropriate in this case at this juncture, and that Plaintiffs' remaining concerns may be allayed by specific allowances and conditions made herein by the Court.

As agreed to by the SUWA Defendants, notwithstanding the intervention of the SUWA Defendants, and if the Plaintiffs so elect, the Court will allow Plaintiffs the opportunity to both 1) withdraw their Complaint, without leave of Court, before it is served on the federal defendants,

---

[3] Plaintiffs' Response at 5.

[4] *San Juan County, Utah v. United States*, 420 F.3d 1197 (10th Cir. 2005).

and 2) amend their Complaint once, without leave of Court, before the federal defendants serve a responsive pleading.  By so allowing, the Court hereby preserves Plaintiffs rights under the Federal Rules of Civil Procedure that might otherwise be lost by intervention at this stage of the litigation.

Based upon the above, it is hereby

ORDERED that the Motion of the Southern Utah Wilderness Alliance *et al*. to Intervene as Defendants (Docket No. 2) is GRANTED.  It is further

ORDERED that Plaintiffs, at their option, may still exercise the right to both withdraw their Complaint without leave of Court before it is served on the federal defendants, and amend their Complaint once without leave of Court before the federal defendants serve a responsive pleading.

SO ORDERED.

DATED  January 4, 2006.

           BY THE COURT:

           _____
           TED STEWART
           United States District Judge