STEPHEN J. SORENSON, Acting United States Attorney (#3049)
CARLIE CHRISTENSEN, Assistant United States Attorney (#0633)
JARED C. BENNETT, Assistant United States Attorney (#9097)
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

SUE ELLEN WOOLDRIDGE, Assistant Attorney General
Environment and Natural Resources Division
THOMAS K. SNODGRASS, Trial Attorney
Environment & Natural Resources Division, Natural Resources Section
1961 Stout Street, 8th Floor
Denver, CO 80294
Telephone: (303) 844-1368
thomas.snodgrass@usdoj.gov
Attorneys for the United States

───────────────────────────────────────────────

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH**
**CENTRAL DIVISION**
───────────────────────────────────────────────

| | | |
|---|---|---|
| KANE COUNTY, et al., | : | Civil No. 2:05CV941 TS |
| Plaintiffs, | : | **FEDERAL DEFENDANTS' MOTION TO DISMISS** |
| vs. | : | Honorable Ted Stewart |
| P. LYNN SCARLETT, et al., | : | |
| Defendants. | : | |

───────────────────────────────────────────────

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Federal Defendants,[1] by and through the undersigned counsel, hereby submit their Motion to Dismiss (the "Motion"). The Motion seeks dismissal of Plaintiffs' Complaint, as amended, on all counts for lack of subject matter jurisdiction

---

[1] Gale A. Norton, former Secretary of the Interior, has been replaced by P. Lynn Scarlett as Acting Secretary of the Interior. Ms. Scarlett is, therefore, automatically substituted for Ms. Norton pursuant to Fed. R. Civ. P. 25(d)(1).

and for failure to state a claim upon which relief can be granted.

Plaintiffs bring their action under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 706, alleging violations by the Federal Defendants of the Federal Land Planning and Management Act ("FLPMA"), 43 U.S.C. §§ 1701 et seq., and the Due Process Clause of the United States Constitution. Specifically, Plaintiffs allege that the Federal Defendants violated the APA and Plaintiffs' due process rights when they approved the Grand Staircase Escalante National Monument Management Plan ("the Plan") because: (1) the Federal Defendants failed to identify and determine Kane and Garfield Counties' existing rights-of-way in preparing the Plan; and (2) the Plan unduly restricts the Kane County Water Conservancy District from diverting water under its alleged water rights located within the Grand Staircase Escalante National Monument ("the Monument"). Based on these allegations, Plaintiffs request that this Court: (1) declare invalid the Transportation and Access and Water sections of the Plan; (2) enjoin the Federal Defendants from implementing any road closures or water diversion restrictions in the Monument, including the restrictions stated in the Plan, until the Federal Defendants have identified and determined all valid existing rights within the Monument; and (3) grant Plaintiffs mandamus relief requiring the Federal Defendants to determine Plaintiffs' existing rights-of-way before implementing the Transportation and Access portions of the Plan and requiring the Federal Defendants to remove any physical barriers from any rights-of-way or roads within the Monument that have been placed pursuant to the Plan.

Plaintiffs' Complaint should be dismissed on the following grounds:

1. This Court lacks subject matter jurisdiction over this action because Plaintiffs' vague and conclusory assertions of injuries to unspecified rights-of-way and water rights are insufficient to establish a concrete, injury-in-fact giving rise to standing.

2. This Court lacks subject matter jurisdiction over this action because Plaintiffs' challenges to the Plan are not ripe due to Plaintiffs' failure to allege how the Plan has, in fact, restricted or denied on a site-specific level the exercise of any valid existing rights held by Plaintiffs.

3. This Court lacks subject matter jurisdiction over this action because the APA does not waive sovereign immunity for the adjudication of claims that are premised upon the assertion of unproven property interests in federal land, such as Plaintiffs' right-of-way and water right claims.

4. Plaintiffs fail to state a claim upon which relief can be granted because neither FLPMA nor the Due Process Clause requires the Federal Defendants to identify and determine all existing rights-of-way within a planning area when preparing a land use plan.

The factual basis and legal authority in support of this Motion are set forth in the Federal Defendants' Memorandum in Support of Motion to Dismiss filed concurrently herewith.

RESPECTFULLY SUBMITTED this 5th day of May, 2006.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

　/s/ Thomas K. Snodgrass
THOMAS K. SNODGRASS, Trial Attorney
Environment & Natural Resources Division

STEPHEN J. SORENSON
Acting United States Attorney
CARLIE CHRISTENSEN
JARED C. BENNETT
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006, a copy of the **FEDERAL DEFENDANTS' MOTION TO DISMISS** was electronically sent by the United States District Court, District of Utah to the following parties:

                                                      /s/ Susan Middagh
                                                     Susan Middagh

J. McCrystie Adams   (E-Filer)   madams@earthjustice.org, llovett@earthjustice.org

James S. Angell   (E-Filer)   jangell@earthjustice.org, eajusco@earthjustice.org, llovett@earthjustice.org

Jared C. Bennett   (E-Filer)   jared.bennett@usdoj.gov, laurie.coles@usdoj.gov

Stephen H. Bloch     steve@suwa.org

Matthew L. Crockett   (E-Filer)   mlc@pruittgushee.com, mail@pruittgushee.com

A. John Davis     ajd@pruittgushee.com, mail@pruittgushee.com

Heidi J. McIntosh     heidi@suwa.org, steve@suwa.org

Shawn T. Welch   (E-Filer)   stw@pruittgushee.com, mail@pruittgushee.com

Edward B. Zukoski   (E-Filer)   tzukoski@earthjustice.org, eajusco@earthjustice.org, llovett@earthjustice.org