IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, et al., ) ) ) | Civil No. 2:05-CV-0941BSJ |
| Plaintiffs, ) ) | |
| vs.  ) ) ) | **MEMORANDUM OPINION & ORDER; RULE 54(b) CERTIFICATION** |
| DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior, et al., ) ) ) ) | |
| Defendants, ) ) | **FILED** CLERK, U.S. DISTRICT COURT November 8, 2007 (11:19am) DISTRICT OF UTAH |
| NATIONAL TRUST FOR HISTORIC PRESERVATION, et al., ) ) ) | |
| Intervenor-Defendants. ) | |

\* \* \* \* \* \* \* \* \*

On July 31, 2007, plaintiffs Kane County, Garfield County and their respective Boards of Commisioners filed a Rule 54(b) Motion seeking certification of this court's Memorandum Opinion & Order, filed June 29, 2007 (dkt. no. 65) as a final order pursuant to Fed. R. Civ. P. 54(b).[1]  The federal defendants filed no response.  The intervenor-defendants filed a memorandum opposing certification.  (*See* Defendant-Intervenors Southern Utah Wilderness Alliance, et al.'s Memorandum in Opposition to Plaintiffs' Rule 54(b) Motion, filed August 20,

---

[1]*See, e.g., Orient Mineral Co. v. Bank of China*, ___ F.3d ___, 2007 WL 3088281, \*22 n.13 (10th Cir. Oct. 24, 2007) ("Rule 54(b) permits the district court to 'direct the entry of a final judgment as to one or more but *fewer than all* of the claims or parties' but 'only upon an express determination [by the district court] that there is no just reason for delay and upon an express direction for the entry of judgment.' (Emphasis added.)").

2007 (dkt. no. 75) ("SWUA Mem.").)

This court's June 29th Memorandum Opinion & Order dismissed both Counties' Administrative Procedures Act, due process and injunctive relief claims concerning claimed R.S. 2477 rights-of-way traversing the Grand Staircase-Escalante National Monument, as well as the separate claim of the Kane County Water Conservancy District concerning diversion of water within the Monument, and granted both plaintiffs twenty days within which to file an amended complaint.

Kane County and Garfield County (and their respective Boards of Commissioners) elected not to file an amended pleading, and instead filed a notice of appeal. (*See* Notice of Appeal, filed September 27, 2007 (dkt. no. 87).) Kane County Water Conservancy District filed an amended pleading, the defendants filed further dispositive motions, and the court set those motions for hearing on December 12, 2007. (*See* Notice of Hearing, filed September 28, 2007 (dkt. no. 89).) Thus, the District's claim remains pending before this court, but the Counties' claims do not.

On September 5, 2007, this court heard the Counties' Rule 54(b) Motion and took the matter under advisement. (*See* Minute Entry, dated September 5, 2007 (dkt. no. 88).) Since then, counsel has advised the court that the question of the disposition of that motion has now been raised before the court of appeals.

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (internal quotation marks and citation omitted).

Rule 54(b) "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Id.* (citation omitted).

> Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay. *See, e.g.,* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice & Proc. § 2656, at 48-60 (3d ed. 1998).
>
> To be final for purposes of Rule 54(b), an order must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S. Ct. 895, 100 L. Ed. 1297 (1956)).

*Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).

In order for a Rule 54(b) certification to be proper, the court must first determine the order to be certified is a final judgment; it then must find there is no just reason to delay appellate review of the order until the conclusion of the entire case. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980); *see also Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d at 1242; *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988). To be considered "final" under Rule 54(b), the order must be "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 466 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). The factors to be considered include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 466 U.S. at 8.

The Intervenor-Defendants oppose the Rule 54(b) certification of the dismissal of the Counties' claims as resulting in a needless "piecemeal" appeal:

> The Counties waited nearly *six years* before filing their challenge to the Plan and there is no reason to believe that any wait for the Water District's claim to be resolved will cause the Counties the hardship necessary to justify a piecemeal appeal. This is particularly so because pending or soon-to-be-filed motions to dismiss indicate the Water District's claim could be resolved quite soon and that any "delay" to the Counties' right-of-way appeal will be minimal

(SWUA Mem. at 2 (emphasis in original; footnotes omitted).)

The Counties submit that they "raised entirely different claims in this case" from those pleaded by the District in the plaintiffs' First Amended Complaint, "claims that are entirely based upon distinct factual and legal issues regarding transportation management. The County Plaintiffs seek relief that is entirely distinct and separate from that sought by the District." (Memorandum in Support of Rule 54(b) Motion, filed July 31, 2007 (dkt. no. 69), at 2-3.) They insist that "[t]here is no legal or factual overlap between the two," and that "no appellate court would have to decide the same issues more than once, even if the District were to subsequently take an appeal. Thus, the County Plaintiffs' motion complies with the purposes of Rule 54(b)." (Reply Memorandum in Support of Rule 54(b) Motion, filed August 31, 2007 (dkt. no. 82), at 4, 5.) The Counties further respond that the District's separate claim will be resolved "quite soon" only if SWUA prevails on its pending dispositive motion calendared for hearing on December 12th, and that further delay in prosecuting the Counties' appeal only serves to delay needed repairs and maintenance work on the Counties' various roads located within the Monument boundaries. (*Id.* at 5-7.)

Both the Counties' and the District's claims were joined in a single pleading in one

action,[2] and the First Amended Complaint's prayer for declaratory and injunctive relief in favor of the "Plaintiffs" addressed both transportation and water diversion issues in the same paragraphs.[3]  This court's June 29th Memorandum Opinion & Order refers to the challenge by "the Counties" or "the plaintiffs" to both the transportation and water diversion provisions of the BLM management plan—though denominating the latter challenge as the "District's water diversion claim."  (Memorandum Opinion & Order, filed June 29, 2007 (dkt. no. 65), at 26-28.) Yet as explained in the course of that ruling, the District's water diversion claim has a substantive legal footing and procedural posture in this case that distinguishes it from the Counties' transportation claims grounded upon claims of R.S. 2477 rights-of-way.  Thus the District's water diversion claim was dismissed as unripe for adjudication while the Counties' transportation claims failed for lack of standing and subject-matter jurisdiction.

As pleaded in the First Amended Complaint, the Counties' claims were not "entirely distinct and separate" from the District's pleaded claims, but upon further analysis, those claims have proven to be logically separable to the extent required by Rule 54(b).

At least to the extent that the Counties sought injunctive relief in this case, the court of appeals may already have jurisdiction under 28 U.S.C. § 1292(a)(1) of the Counties' appeal from the June 29th Memorandum Opinion & Order dismissing their claims, whether a Rule 54(b)

---

[2]*Cf.* Fed. R. Civ. P. 20(a) ("All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.").

[3](*See* First Amended Complaint, filed February 27, 2006 (dkt. no. 9), at 26-27 ("Plaintiffs request relief and judgment against Defendants as follows: . . . 3. Enjoin Defendants from asserting, enforcing, carrying out, or implementing the Transportation and Access section of the Plan, including Map 2, and the LAND-4, WAT-2, and unauthorized water diversion provisions of the Plan.").

certification is entered or not.[4]  Nonetheless, "weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal,"[5] this court is satisfied that the dismissal of the Counties' claims represents a final judgment on those claims and as to those plaintiffs, and that there is no just reason for delay of entry of a final order as to those claims pursuant to Rule 54(b).  The Counties' claims—now dismissed—are distinct and separable from the District's claim remaining to be adjudicated, and the nature of the Counties' transportation claims is such that no appellate court would have to decide the same issues more than once even if there is a subsequent appeal involving the District's water diversion claim.

The Counties' central assertion, *viz.*,  that the Bureau of Land Management's management plan for the Grand Staircase-Escalante National Monument must take into account the Counties' unresolved R.S. 2477 right-of-way claims and permit the Counties to regulate on-highway OHV usage, and repair and maintain roads within the Monument that are footed on such claims—and to do so without direct BLM supervision or approval—will likely persist as a source of conflict and discord between these parties at least until the court of appeals has had an opportunity to take a second look at this court's determination of that issue.  It serves no purpose to delay that second look in favor of a final disposition of the District's separate challenge concerning the potential diversion of water within the Monument boundaries.  The relevant

---

[4] As the court of appeals has explained, it may have jurisdiction of an appeal under § 1292(a)(1) where "the district court's order had the 'practical effect' of refusing plaintiffs' injunction."

> In order to have appellate jurisdiction under this second strand of analysis, the challenged order must: (1) have "the practical effect of refusing an injunction," (2) threaten a " 'serious, perhaps irreparable, consequence,' " and (3) be " 'effectually challenged' " only by immediate appeal.  *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981) (citation omitted).

*Forest Guardians v. Babbitt*, 174 F.3d 1178, 1185 (10th Cir. 1999).

[5] *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citing *Curtiss-Wright*, 446 U.S. at 8, and *Oklahoma Turnpike Auth.*, 259 F.3d at 1241).

geography may overlap, but the substantive legal issues do not.

Therefore,

**IT IS ORDERED** that the Counties' Rule 54(b) Motion (dkt. no. 68) is GRANTED and the court hereby makes the following Certification pursuant to Fed. R. Civ. P. 54(b):

### CERTIFICATION

The court hereby finds that its Memorandum Opinion and Order, filed June 29, 2007 (dkt. no. 65), dismissing the Counties' claims is final as to plaintiffs Kane and Garfield Counties (and their respective Boards of Commissioners) and all of their claims, *see Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980), and further finds that there is no just reason for delay of entry of this court's judgment and review on direct appeal. *Id.* at 8; Fed. R. Civ. P. 54(b).

**Let Judgment be entered forthwith.**

DATED this _____ day of November, 2007.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge

concerning the potential diversion of water within the Monument boundaries. The relevant geography may overlap, but the substantive legal issues do not.

Therefore,

**IT IS ORDERED** that the Counties' Rule 54(b) Motion (dkt. no. 68) is GRANTED and the court hereby makes the following Certification pursuant to Fed. R. Civ. P. 54(b):

## CERTIFICATION

The court hereby finds that its Memorandum Opinion and Order, filed June 29, 2007 (dkt. no. 65), dismissing the Counties' claims is final as to plaintiffs Kane and Garfield Counties (and their respective Boards of Commissioners) and all of their claims, *see Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980), and further finds that there is no just reason for delay of entry of this court's judgment and review on direct appeal. *Id.* at 8; Fed. R. Civ. P. 54(b).

**Let Judgment be entered forthwith.**

DATED this 8th day of November, 2007.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge